GREGORY J. MARCINSKI, JR.
Register No. 12582-050
Federal Correctional Institution
P.O. Box 1000
Otisville, NY 10963-1000

Plaintiff, pro se



No CV30

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

GREGORY J. MARCINSKI, JR.,

    Plaintiff,

v.

EXPERIAN INFORMATION
SOLUTIONS, INC.,

    Defendant.

Case No. CV 15-01310-ODW(SSx)

COMPLAINT

[Jury Trial Demanded]

Plaintiff Gregory J. Marcinski, Jr. ("Plaintiff"), pro se, for his complaint against Defendant Experian Information Solutions, Inc. ("Defendant"), states and alleges the follows:

### INTRODUCTION

1. This is a lawsuit seeking redress under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq. for unlawful credit practices.

### JURISDICTION AND VENUE

2. The Court has jurisdiction over the parties to this action and the subject matter thereof under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3. Venue is proper because the Defendant maintains its corporate headquarters and conducts business within the district.

### PARTIES

4. Plaintiff is a natural person and resident of Otisville, New York.



5. Defendant is an Ohio corporation that maintains its corporate headquarters in Costa Mesa, California.

## FACTS

6. Plaintiff is a "consumer" as defined in the FCRA.

7. Defendant is a "credit reporting agency" as defined in the FCRA.

8. Defendant compiles and maintains credit information about consumers throughout the United States. As part of its business operations, Defendant prepares and furnishes credit reports on consumers to creditors and other authorized parties.

9. On May 4, 2012, Defendant provided Plaintiff with a copy of his credit report. Said report contained information indicating Plaintiff established credit card accounts with Merrick Bank in May 2006 and RBS Citizens Bank in September 2007, that delinquent balances were owed on each account, and that there was an open collection account with Portfolio Recovery Associates for a delinquent balance owed on an HSBC Bank Nevada credit card account (hereafter referred to collectively as "the accounts").

10. Plaintiff was incarcerated when the accounts were opened. Plaintiff did not open the accounts, did not authorize anyone to do so on his behalf, and did not incur any charges to the accounts.

11. On or about February 1, 2013, Plaintiff transmitted a request for investigation to Defendant in which he disputed that he was responsible for the accounts. Plaintiff further advised Defendant that he was a victim of identity theft and was

incarcerated when the accounts were opened.

12. On February 14, 2013, Defendant advised Plaintiff that because the disputed information had been previously investigated, his current request for investigation would not be processed unless he were to provide additional relevant information not presented previously.

13. On March 7, 2013, Plaintiff sent a detailed letter to Defendant explaining the basis for his disputes and included various documentation not previously presented to establish that he was incarcerated when the accounts were opened and used.

14. On March 20, 2013, Defendant provided Plaintiff with a copy of his credit report which showed a temporary "fraud alert" had been added. Defendant did not otherwise respond to Plaintiff's March 7, 2013 letter, nor did it investigate his disputes of the accounts.

15. The accounts were eventually removed from Plaintiff's credit file by the reporting creditors.

## COUNT I

16. Plaintiff realleges and incorporates paragraphs 1 through 15 as if fully set forth herein.

17. Defendant has a duty under 15 U.S.C. § 1681i(a)(1) to conduct a reasonable investigation of a dispute by a consumer as to the accuracy of information appearing in their credit report.

18. Defendant breached its duty under 15 U.S.C. § 1681i(a)(1) by failing to conduct a reasonable investigation of Plaintiff's disputes submitted on or about February 1, 2013 and March 7, 2013.

19. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff suffered damages including, but not limited to, lowered credit score, damage to credit reputation, loss of credit opportunity, financial loss, and emotional distress.

WHEREFORE, Plaintiff respectfully moves for judgment in his favor and the following:

   a. Actual damages in an amount determined at trial pursuant to 15 U.S.C. § 1681n(a)(1)(A) or, in the alternative, 15 U.S.C. § 1681o(a)(1);

   b. Punitive damages in an amount determined at trial pursuant to 15 U.S.C. § 1681n(a)(2);

   c. Attorney's fees and costs incurred pursuant to 15 U.S.C. § 1681n(a)(3) and/or 15 U.S.C. § 1681o(a)(2); and

   d. Any further relief deemed just and proper by the Court.

## COUNT II

20. Plaintiff realleges and incorporates paragraphs 1 through 15 as if fully set forth herein.

21. Defendant has a duty under 15 U.S.C. § 1681e to maintain reasonable procedures to assure the maximum possible accuracy of the information concerning the individual about whom a credit report is prepared.

22. Defendant breached its duty under 15 U.S.C. § 1681e by failing to maintain reasonable procedures to assure the accuracy of Plaintiff's credit report, where Defendant included inaccurate information therein indicating Plaintiff opened accounts and incurred delinquent balances with Merrick Bank, RBS Citizens

Bank, and Portfolio Recovery Associates, but Plaintiff did not open the accounts, nor incur the delinquent balances, and provided notice of same and supporting documentation to Defendant.

23. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff suffered damages including, but not limited to, lowered credit score, damage to credit reputation, loss of credit opportunity, financial loss, and emotional distress.

WHEREFORE, Plaintiff respectfully moves for judgment in his favor and the following:

a. Actual damages in an amount determined at trial pursuant to 15 U.S.C. § 1681n(a)(1)(A) or, in the alternative, 15 U.S.C. § 1681o(a)(1);

b. Punitive damages in an amount determined at trial pursuant to 15 U.S.C. § 1681n(a)(2);

c. Attorney's fees and costs incurred pursuant to 15 U.S.C. § 1681n(a)(3) and/or 15 U.S.C. § 1681o(a)(2); and

d. Any further relief deemed just and proper by the Court.

Respectfully submitted,

DATED: February 13, 2015

_____
GREGORY J. MARCINSKI
Plaintiff, pro se

## CERTIFICATE OF MAILING

I, Gregory J. Marcinski, hereby certify under penalty of perjury that the foregoing Complaint was placed in the outgoing mailbox for inmates at the Federal Correctional Institution in Otisville, New York, in a properly addressed envelope with sufficient first-class postage affixed thereon, for delivery to:

>Office of the Clerk
>United States District Court
>312 N. Spring Street, Suite G-8
>Los Angeles, CA 90012-4701

on February __13__, 2015.

_____
GREGORY J. MARCINSKI
Plaintiff, pro se

≈JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
GREGORY J. MARCINSKI

**DEFENDANTS**
EXPERIAN INFORMATION SOLUTIONS, INC.

(b) County of Residence of First Listed Plaintiff: Orange (NY)
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Gregory J. Marcinski, pro se
Reg. No. 12582-050. P.O. Box 1000
Otisville, NY 10963-1000

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**
PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
  Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☒ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. § 1681
Brief description of cause:
Violations of the Fair Credit Reporting Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 02/13/2015
SIGNATURE OF ATTORNEY OF RECORD: /s/ Gregory J. Marcinski

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

CV 15 - 01310



